*U.S. Bank National Ass'n v. Jukic*, No. 158-2-17 Cncv (Mello, J., Dec. 29, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>  Plaintiff<br><br>v.<br><br>LARISA JUKIC, et al.,<br>  Defendants | Docket No. 158-2-17 Cncv |

RULING ON DEFENDANT'S MOTION FOR SANCTIONS UNDER FORECLOSURE
MEDIATION LAW

This is an action filed by Plaintiff U.S. Bank National Association to foreclose on a mortgage. The property in question is a single-family condominium unit in Burlington, Vermont, owned by Defendant Larisa Jukic. The condominium unit serves as Jukic's principal residence. Presently before the court is Jukic's motion seeking sanctions against the Plaintiff for allegedly failing to comply with its obligations under Vermont's foreclosure mediation law. Oral argument on the motion was heard on November 14, 2017. Plaintiff is represented by Caryn L. Connolly, Esq. Defendant is representing herself.

Plaintiff commenced this foreclosure action on February 15, 2017. At the time it commenced this action, Plaintiff served upon the Defendant a notice advising her that she was at risk of losing her home and informing her of her right to request mediation.[1] Defendant requested mediation, and on March 27, 2017, the court referred the matter to foreclosure mediation pursuant to 12 V.S.A. § 4632(a). The court's referral order stated, among other things, "[a]ny motion to strike this Order of Referral on the grounds that the loan is not subject to foreclosure mediation under 12 V.S.A. § 4631 or § 4632 shall be filed within 15 days of this Order" (Order of Referral to Foreclosure Mediation, entered March 27, 2017, p. 2). No motion to strike was filed. Therefore, the right to move to strike was waived (Id.).

David Polow, Esq., the court-appointed mediator, held a pre-mediation telephone conference with the parties on April 21, 2017. The Defendant submitted a loan modification application to the Plaintiff's then loan servicer, Academy Mortgage Corporation, and a mediation conference was scheduled for Wednesday, September 7,

---

[1] The notice is required to be served upon mortgagors by statute (12 V.S.A. § 4632(c)) and by rule (V.R.C.P. 80.1(b0(3)).

2017. On July 27, 2017, however, Academy Mortgage Corporation sent the Defendant a letter telling her that she was "ineligible" for a "loan modification or other foreclosure alternative" because her loan "has a credit enhancement feature that does not allow it to be modified."[2] That statement was untrue. Defendant's mortgage did not have a credit enhancement feature precluding it from being modified. The true reason why Plaintiff denied Defendant's request for a modification was because Plaintiff had assigned Defendant's mortgage loan to another party, Avail Holding LLC, just nine days earlier. The July 27th letter to the Defendant made no mention of this.

Plaintiff's counsel (Attorney Connolly) attended the September 7th mediation session, but no employee of U.S. Bank National Association or its loan servicer attended it. Following the mediation conference, Attorney Polow filed with the court a "Foreclosure Mediation Report" stating that all necessary parties had attended the mediation session and that the parties had mediated in good faith but that no loan modification or other agreement had been reached. Mr. Polow's report went on to say:

> At the time Larisa Jukic applied for a loan modification, the servicer was Academy Mortgage Corporation. Academy completed the borrower's request for a loan modification and it was denied because "Your loan has a credit enhancement feature that does not allow it to me modified." At the mediation it was determined that this was merely a category that was picked to deny the borrower a loan modification because there was no other criteria that the servicer Academy could select. Apparently, there is not a credit enhancement feature in the borrower's loan preventing a modification.
>
> As of September 7, 2017 [the date of the mediation conference], the servicer had changed to Cenlar FSB.... The representative on the phone actually was employed by Avail Holdings.... According to Dawn O'Boyle, the representative participating in the mediation, the loan was about to be sold from U.S. Bank National Association to Avail Holding during the week of September 11, 2017, and that was the reason why she was participating in the mediation. Dawn O'Boyle indicated that Avail Holding is an investor and is not a bank and Avail Holding does not offer loan modifications.

(Foreclosure Mediation Report of Attorney Polow, filed September 20, 2017, pp. 6-7).

On October 23, 2017, Defendant filed her motion for sanctions with the court. In her motion, Defendant contends that the Plaintiff violated 12 V.S.A. § 4633(d)(2)(A) of the foreclosure mediation act by failing to send to the mediation conference any employee of U.S. Bank National Association or its servicing agent with authority to agree to a proposed settlement or loan modification. Defendant contends that the Plaintiff also violated § 4633(a) of the act when its loan servicer, Academy Mortgage

---

[2] A copy of the letter is attached to Foreclosure Mediation Report that Attorney Polow filed with the court on September 20, 2017.

Corporation, falsely told her that she was ineligible for a loan modification because of a "credit enhancement feature" that did not exist in her mortgage. Defendant asserts that she has been working hard since March of 2017 to try to save her home, but "[i]n the end, it was a waste of time and has only put me further in arrears on the mortgage because Academy did not properly review me for a modification" (Motion for Sanctions, ¶ 9). Defendant's motion asks the court to toll the accrual of interest, fees and costs on her mortgage account from July 27, 2017, "until such time as [Plaintiff] properly reviews me for loan modifications and other loss mitigation options and participates in a mediation session in good faith" (Id., ¶ 10). Defendant also asks the court to appoint a new mediator because Attorney Polow "certified in his mediation report that Plaintiff participated in mediation in good faith and complied with its obligations, even though it is clear from the facts that Plaintiff lied about why it denied me for a loan modification and sent someone with no authority to mediation" (Id., ¶ 11).

In its opposition to the motion for sanctions, Plaintiff acknowledges that "there is not a 'credit enhancement feature' on the subject loan," but Plaintiff argues that Academy's statement to the contrary was not a misrepresentation because "this language was the closest explanation available to let Defendant know that the subject loan is not eligible for a loan modification" (Plaintiff's Objection to Defendant's Motion for Sanctions, filed November 2, 2017 ¶ 6). Plaintiff also argues that it did not violate § 4633(d)(2)(A) of the foreclosure mediation act because a representative of Avail Holding, LLC attended the mediation, and Avail "was then and is now the current investor and mortgagee of the loan and had full authority to make any decisions regarding loss mitigation options on the loan" (Id., ¶ 8).[3] In this connection, Plaintiff alleges:

> Avail Holding, LLC is a private company. Avail Holding, LLC does not participate in any government programs such as HAMP or TARP and does not receive subsidies from the government for such programs. As a result, it does not fall under the government guidelines requiring beneficiaries of such programs to offer loan modifications.

(Id., ¶ 9). Plaintiff also alleges that "Avail Holding, LLC did offer Defendant the options of reinstatement, payoff, or a potential deed-in-lieu if the title was clear" but "[t]hese options were not acceptable to Defendant" (Id., ¶ 10). Plaintiff asks the court to deny the motion for sanctions, terminate mediation, and allow the foreclosure to proceed.

On November 9, 2017, Attorney Polow filed a written statement with the court indicating, among other things, that "[o]n August 22, 2017, I was notified by Attorney Caryn Connolly that the servicing of the loan was being transferred to a private company which was not a lender," and that "[i]t was Attorney Connolly's position that they were not required to modify their loans" (Mediators Statement, ¶ 4). Attorney Polow added, "I informed Attorney Connolly by e-mail that defendant was still entitled to a mediation conference and the servicer was required to adhere to the mediation statute" (Id., ¶ 6).

---

[3] Accompanying Plaintiff's opposition memorandum were copies of documents showing that Plaintiff's loan servicer assigned Defendant's mortgage to Avail Holding LLC on July 18, 2017.

If foreclosure mediation is ordered, Vermont's foreclosure mediation act requires the parties to "make a good faith effort to mediate."  12 V.S.A. § 4634(b)(6)(A)(ii).  The act includes, among those who must participate at the session in person or by telephone, "[t]he mortgagee, or any other person, including the mortgagee's servicing agent … [having] authority to agree to a proposed settlement, loan modification, or dismissal of the foreclosure action."  Id. §§ 4633(d)(1) and (2)(A).  The mortgagee must "use and consider available foreclosure prevention tools, including reinstatement, loan modification, forbearance, and short sale, and the applicable government loss mitigation program requirements and any related 'net present value' calculations used in considering a loan modification conducted under this subchapter."  Id. § 4633(a)(2).  If a modification or other agreement is not offered, the mortgagee must provide "an explanation why the mortgagor was not offered a modification or other agreement."  Id. § 4633(a)(3)(A).  The court which ordered the mediation determines that a mortgage or its servicer has failed to complied with the act, the court "may impose appropriate sanctions against the noncomplying party, including:  (1) tolling of interest, fees, and costs; (2) reasonable attorney's fees; (3) monetary sanctions; (4) dismissal without prejudice; and (5) prohibiting the mortgagee from selling or taking possession of the property that is the subject of the action…."  Id. § 4635(b).

The court agrees with the Defendant that Plaintiff failed to comply with its obligations under the foreclosure mediation act.  Although the act does not require a mortgagee to offer a loan modification to its mortgagor, the mortgagee must "make a good faith effort to mediate," which means it must "use and consider," in good faith, "available foreclosure prevention tools, including … loan modification," among other things.  Id. §§ 4633(a)(2) and 4634(b)(6)(A)(ii).  The Plaintiff did not do this.  Indeed, it did not consider the use of any tool that might enable the Defendant to save her home from foreclosure.  The Plaintiff merely informed the Defendant and mediator that the loan could not be modified because Plaintiff was in the process of conveying the loan to a party that does not modify loans.  This does not comply with the obligation to "make a good faith effort to mediate."

Plaintiff also failed to comply with the act by failing to send to the mediation session a representative having "authority to agree to a proposed settlement, loan modification, or dismissal of the foreclosure action."  Id. §§ 4633(d)(1) and (2)(A).  No employee of U.S. Bank National Association or its loan servicer attended the mediation.  Plaintiff's attorney did attend, but she had no authority to agree to any proposed settlement, loan modification, or dismissal of the foreclosure action.  Plaintiff's claim, that it complied with the act because a representative of Avail Holding, LLC was in attendance and had "full authority to make any decisions regarding loss mitigation options on the loan," is without merit.  Plaintiff does not dispute the mediator's report quoting Avail's representative as saying "that Avail Holding is an investor and is not a bank and Avail Holding does not offer loan modifications."  It is also clear that Avail's representative had no authority to agree to any proposed settlement, loan modification, or dismissal of the foreclosure action, as required by the act; to the contrary, the only offer Avail allegedly made at the mediation was "the options of reinstatement, payoff, or a potential deed-in-lieu if the title was clear" (Plaintiff's Objection, ¶ 10).

4

The court also agrees with the Defendant's contention that Plaintiff violated the act by sending him a letter on July 27, 2017, giving him an untrue reason why he was "ineligible" for a loan modification. As noted earlier, under the act, if a modification or other agreement is not offered, the mortgagee must "produce for the mortgagor and mediator … an explanation why the mortgagor was not offered a modification or other agreement…." Id. § 4633(a)(3). The act's implication, obviously, is that the explanation must be a true one. Here, while Plaintiff's then loan servicer did offer Defendant an explanation, the reason it gave was untrue. The fact that there was no other box that could have been on the form that the loan servicer used is no excuse. If a mortgagee is going to take the position that a mortgagor is ineligible for a loan modification, it must produce a true explanation why.

Defendant's Motion for Sanctions is GRANTED. The accrual of interest, fees and costs on Defendant's mortgage account is tolled from July 27. 2017, until the mediation process is properly completed. The parties are ordered to return to mediation, and Plaintiff is ordered to review Defendant for a loan modification or other settlement of this foreclosure action and to do so in good faith. The court will appoint a new mediator to conduct the mediation.[4]

SO ORDERED this 29th day of December 2017.

_____
Robert A. Mello, Superior  Judge

---

[4] Nothing contained in this decision is intended or should be construed as any form of criticism of Attorney Polow's handling of this matter. The only reason the court will appoint another mediator is because it is clear from the Defendant's motion that she no longer has confidence in him, and mediation cannot succeed unless all parties to the process have confidence in the mediator. The court makes no finding as to whether Defendant's loss of confidence is justified or not.